[redacted]

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

**CARPENTERS & JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS VACATION FUND, TWIN CITY CARPENTERS APPRENTICESHIP FUND, Trusts,**

Plaintiffs,

vs.

**R.V. ANDERSON, INC.** a Minnesota business corporation,

Defendant.

Court File No. 00-CV-2343 ADM/SRN

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

This matter was heard before the undersigned on the 28th day of February, 2001. Jacqueline Beaulieu of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on October 19, 2000.

2. Defendant R.V. Anderson, Inc. was personally served with the Complaint on October 20, 2000.

3. Defendant has failed to file and serve a response or Answer to the

57253

FILED MAR 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAR 01 2001
DEPUTY CLERK

Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing painters work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

5. Defendant accepted and agreed to be bound by a Collective Bargaining Agreement (CBA) with the Lakes and Plains Regional Council of Carpenters and Joiners. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions in accordance with the agreement.

6. Defendant failed to submit fringe benefit fund reports and contributions for the period June through December, 2000.

7. In lieu of submitting these reports, Defendant submitted payroll records to the Plaintiffs for an audit to determine the amount of fringe benefits owing for this period and any payments missed from October, 1999 through May, 2000.

8. Plaintiff Funds conducted an audit of Defendant's records to determine the total amount of fringe benefits due for the period October, 1999 through December, 2000.

9. Plaintiffs found $53,713.75 owing for fringe benefit contributions pursuant to the audit of Defendant's records for the period October, 1999 through December, 2000.

10. The bargaining agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions.

11. Defendants owe $5,371.37 in liquidated damages pursuant to the audit of Defendant's records for the period October, 1999 through December, 2000.

12. The bargaining agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

13. Plaintiff's reasonable attorney's fees and costs of this action are $2,000.51.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants owe $59,085.12 for amounts found to be due pursuant to the audit of Defendant's records for the period October, 1999 through December, 2000 for fringe benefit contributions and liquidated damages.

3. Defendants owe additional amounts of $2,000.51 for attorneys' fees and costs.

4. Defendant owes Plaintiffs a total of $61,085.63

## ORDER

**IT IS ORDERED: THAT JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANT R.V. ANDERSON INC. AS FOLLOWS:**

1. That Plaintiffs' motion for default judgment is granted.

2. That Judgment be entered in favor of Plaintiff fringe benefit funds collectively in the amount of $61,085.63.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 28, 2001

BY THE COURT

Ann D. Montgomery
United States District Court Judge

57253